**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

———————————

GINA R. BARROS,

       Plaintiff,

    vs.                                          No. CIV 09-553 WJ/LFG

WALTER A. BLEA, Individually
and in his Official Capacity as
Chief Examiner, Central New Mexico
Community College,

       Defendant.

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING
IN PART DEFENDANT'S MOTION TO DISMISS**

THIS MATTER comes before the Court upon Defendant's Motion to Dismiss, filed

September 29, 2009 (**Doc. 6**).  This is an employment civil rights case in which Plaintiff is suing

Defendant for violations of the federal and state constitutions, as well as state tort law. Having

considered the parties' briefs and the applicable law, I find that Defendant's motion is well-taken

in that I find Plaintiff's Complaint does not state a claim under Rule 12(b)(6).  However, the

Court will allow Plaintiff to amend the Complaint.

**Background**

In November of 2005, Plaintiff was hired by the Central New Mexico Community

College ("CNM") to serve as a General Educational Development ("GED") Examiner at the

CNM Assessment Center.  Defendant Blea was the Chief Examiner for the CNM, and was

Plaintiff's supervisor.  Plaintiff alleges that she was subjected to unwelcome physical aggression

and offensive comments by Defendant Blea which were so severe that Plaintiff developed severe

panic reactions which rendered her unable to work at CNM, thereby losing her employment.

In Count I, Plaintiff claims that Defendant singled her out for physical and psychological

abuse and denied her right to Equal Protection of Law under § 1983.  In Count II, Plaintiff states

that in subjecting her to physical and psychological abuse, Defendant Blea applied an adverse employment action against her without Due Process.  In Count III, Plaintiff alleges that Defendant Blea's acts against her constitute the common law tort of assault.  Plaintiff seeks compensatory and punitive damages.

Defendants seeks dismissal of Plaintiff's complaint on various grounds, which the Court will address in turn.  Defendant also asserts the defense of qualified immunity.

## Discussion

### I.    Legal Standard

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief."  *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008).  The "mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, LLC v. Schneider,* 493 F.3d 1174, 1177 (10th Cir.2007) (emphasis supplied in original).  In ruling on a Rule 12(b)(6) motion, courts must assume the truth of the well-pleaded factual allegations in the complaint and view them in the light most favorable to the plaintiff. *See Ridge at Red Hawk*, 493 F.3d at 1177.

### II.    Count I - Equal Protection

To establish an equal protection claim under § 1983, a plaintiff must show that she is a member of a protected class and that she was intentionally and purposefully discriminated against because of her membership in that protected class. *Jones v. Union County, TN*, 296 F.3d

417, 426 (10th Cir. 2002).

 The Complaint states that Defendant "[singled] Plaintiff out for physical and psychological abuse, denied Plaintiff her right to Equal Protection of Law guaranteed under the Constitution. . . ." Even construing the assertions in the complaint in the light most favorable to Plaintiff, the Court does not read Count I to allege an equal protection claim. While Plaintiff states that this claim is based on her membership in a "protected class," the phrases "protected class" or "discrimination" do not show up anywhere in the Complaint. A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. at 1948. The facts as alleged presently in the Complaint on this claim do not state a plausible claim for relief under the Equal Protection clause because one cannot reasonably infer from allegations of being "singled out" for physical and psychological abuse that Plaintiff is being discriminated against on the basis of her gender. Plaintiff offers no additional information beyond that and fails to identify or explain how she was treated differently from any similarly situated individuals. Nor has she alleged any unequal treatment due to her membership in a protected class. *See Watson v. Williams et al*, unpubl. opin. 2009 WL 1391549 (10th Cir. 2009) (affirming district court's dismissal of complaint under Rule 12(b)(6)). Moreover, the present allegations do not give fair notice of the theory of Equal Protection under which Plaintiff's claim is being brought. *Robbins v. Oklahoma*, 519 F.3d 1242, 1249 (10th Cir.2008) (a pleading also must be specific enough to "give the defendants notice of the theory under which their claim is made.").

 Defendant reads Count I of the Complaint to allege an Equal Protection claim based on a "class of one" theory, which must be dismissed because that theory of equal protection does not apply in the public employment context. *See Engquist v. Or. Dep't of Agric.*, 128 S.Ct. 2146,

2155 (2008).  Plaintiff claims that it is "reasonably clear" from the complaint that Plaintiff does not predicate her equal protection claims on a "class of one" theory – pointing out that the phrase "class of one" is mentioned nowhere in the complaint.

Therefore, Count I of Plaintiff's Complaint will be dismissed without prejudice, however, the Court will allow Plaintiff to amend the Complaint to correct these deficiencies.

## III.    Count II - Due Process

Defendant contends that Plaintiff has not adequately pled a due process claim, and asserts a qualified immunity defense. The Due Process Clause of the Fourteenth Amendment ensures that one cannot be deprived of a property right absent due process of law. *Hyde Park Co. v. Santa Fe City Council*, 226 F.3d 1207, 1210 (10th Cir.2000). A plaintiff cannot allege a violation of either procedural or substantive due process without first showing that she had a protected property right. *Id.*

Count II of the Complaint states that Defendant "[singled] Plaintiff out for physical and psychological abuse, applied an adverse employment action against her without due process, thereby denying Plaintiff her right to Due Process. . . ."  Plaintiff does not allege whether she had a property right in employment which was protected by the Due Process clause, nor does she give any hint regarding whether she is alleging a deprivation of her substantive or procedural due process rights – or both.  *See Hyde Park Co.*, 226 F.3d at 1210 ("Procedural due process ensures the state will not deprive a party of property without engaging fair procedures to reach a decision, while substantive due process ensures the state will not deprive a party of property for an arbitrary reason regardless of the procedures used to reach that decision.").

Defendant notes, and Plaintiff concedes, that the law is unsettled in the Tenth Circuit whether the substantive due process clause protects a state employee with a property interest in

employment, *see Potts v. Davis County*, 551 F.3d 1188, 1193 (10th Cir. 2009).[1]  Nevertheless,

Plaintiff insists that her substantive due process claim may nevertheless proceed because she is

alleging a constructive discharge claim.

       Plaintiff is correct that a constructive discharge claim can form a basis for an alleged due

process violation, but such claims are brought in the context of a procedural due process claim,

and still require a showing of a property interest in employment, that is, a legitimate expectation

in continued employment. *Lighton v. Univ. of Utah*, 209 F.3d 1213, 1221 (10th Cir. 2000);

*Yearous v. Niobrara County Mem'l Hosp.*, 128 F.3d 1351, 1355-56 (10th Cir. 1997)

(constructive discharge could create procedural due process claim against employer).[2]  Here,

however, Plaintiff has not mentioned "constructive discharge," "procedural due process," or any

other language or facts which would support a viable claim for a due process claim.  Plaintiff

contended that the absence of "class of one" language from the Complaint should have made it

clear to Defendant that Plaintiff's equal protection claim was not based on that theory.  By the

same token, although Count II refers to an "adverse employment action," the Complaint cannot

---

    [1]  *See, e.g.,Hennigh v. City of Shawnee*, 155 F.3d 1249, 1257 (10th Cir. 1998) ("We note that our circuit precedent does not clearly delineate what specific property interests in employment are fundamental, and thus protected by the doctrine of substantive due process. . . ."); *Curtis v. Okla. City Pub. Schs. Bd. of Educ.*, 147 F.3d 1200, 1215 n. 17 (10th Cir.1998) (noting that "it is unclear" whether an interest in continued employment is protected by substantive due process); *Archuleta v. Colo. Dep'' of Insts.*, 936 F.2d 483, 489 n. 6 (10th Cir.1991) (assuming without deciding that the plaintiff had a property right in continued public employment, but noting that the law is "not clear what interest is required to trigger substantive due process guarantees.").

    [2]  Defendant notes that a constructive discharge case can only be brought against Plaintiff's employer, and not her supervisor. Reply at 3.  However, Plaintiff sues Defendant Blea in both his official and individual capacities.  Claims against Defendant Blea in his official capacity are treated as claims brought against the state – or, as might be assumed in this case, Plaintiff's employer.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Griess v. Colo.*, 841 F.2d 1042, 1045 (10th Cir. 1988).  New Mexico Community College ("CNM"), formerly known as Albuquerque Technical Vocational Institute, is a publicly funded institute of higher learning. Parties have not taken to issue whether CNM is an arm of the state for §1983 purposes, and for this reason the Court makes no findings on the issue.

fairly be read to include a constructive discharge claim when the Complaint makes no mention of such a claim and does not even allege whether the alleged due process violation is substantive or procedural.

Defendant has asserted a qualified immunity defense regarding any substantive due process claim Plaintiff may raise.  The Court applies the same standard in evaluating dismissals in qualified immunity cases as to dismissals generally.  *Moya v. Schollenbarger*, 465 F.3d 444, 455 (10th Cir.2006).  In reviewing a dismissal, a court must accept as true all well-pleaded facts, as distinguished from conclusory allegations, and those facts must be viewed in the light most favorable to the non-moving party. *Id.*; *Shero v. City of Grove, Okl.*, 510 F.3d 1196, 1200 (10th Cir. 2007).  Once a defendant asserts a qualified immunity defense, the plaintiff has the burden to show that (1) the defendant violated a constitutional right and (2) the constitutional right was clearly established at the time of the alleged conduct. *Reeves v. Churchich*, 484 F.3d 1244, 1250 (10th Cir.2007).  Courts now have discretion to determine "which of the two prongs of the qualified immunity analysis should be addressed first "in light of the circumstances in the particular case at hand. . . ."  *Pearson v. Callahan*, 129 S.Ct. 808, 818 (2009).

Plaintiff concedes the unsettled state of the law concerning whether the Substantive Due Process clause protects a state employee with a property interest in employment.  The law is unclear that Defendant would have known that he was violating Plaintiff's substantive due process right by his conduct.  Thus, even if Plaintiff could show a legitimate expectation of continued employment with CNM, her claim would still fail because Defendant Blea is entitled to qualified immunity in his individual capacity.

Defendant Blea is not entitled to qualified immunity in his official capacity. *See Owen v. City of Independence*, 445 U.S. 622, 638 (1980); *Seamons v. Snow*, 206 F.3d 1021, 1029 (10th Cir. 2000) (qualified immunity is not available as a defense to municipal liability).  While

qualified immunity does not protect Defendant Blea in his official capacity (Defendant CNM),

Plaintiff's substantive due process claim suffers other infirmities under Rule 12(b)(6), as

mentioned previously.  A complaint must plead sufficient facts, taken as true, to provide

"plausible grounds" that discovery will reveal evidence to support the plaintiff's allegations.

*Shero*, 510 F.3d at 1200 (citing *Twombly*, 550 U.S. at 544).  Allegations of physical and

psychological abuse, coupled with the imposition of a generic "adverse employment action," do

not constitute "plausible grounds" for a substantive due process claim.

Plaintiff contends that in order for a plaintiff to prevail on a § 1983 substantive due

process claim, she must show that the defendant acted in a manner that "shocks the conscience."

*Green v. Post*, 574 F.3d 1294, 1303 (10th Cir. 2009). While Plaintiff correctly states the legal

standard for a Fourteenth Amendment substantive due process claim, Plaintiff seems to ignore

the threshold requirement of an existing property interest.  Even a substantive due process

inquiry (whether conduct "shocks the conscience") does not occur in a void without first asking

whether an interest is at stake.  *See, e.g.*, *County of Sacramento et al v. Lewis*, 523 U.S. 833,

845-46 (1998) (quoting *Daniels v. Williams*, 474 U.S. 327, 331 (1986))  (Substantive due

process protects individuals against "arbitrary action of government" that deprives a citizen of

life, liberty or *property* "whether the fault lies in a denial of fundamental procedural fairness . . .

or in the exercise of power without any reasonable justification in the service of a legitimate

governmental objective." ) (emphasis added).[3]

Plaintiff's Complaint has not set forth sufficient facts to proceed as it stands.  Inasmuch

as Plaintiff asserts a substantive due process claim, Defendant Blea is entitled to qualified

---

[3]  The interest at stake in *County of Sacramento v. Lewis* was a deprivation of life. 523
U.S. at 833 ("Respondents brought this action under 42 U.S.C. § 1983, alleging a deprivation of
Lewis's Fourteenth Amendment substantive due process *right to life*.") (emphasis added).

immunity in his individual capacity.  While Defendant Blea would not be entitled to qualified immunity in his official capacity, parties would need to eventually address whether Plaintiff may allege a viable substantive due process right, given the unsettled state of the law in that area, and whether such a claim could proceed against Defendant CNM under § 1983.

## IV.   Count III

Defendant seeks dismissal of Plaintiff's state law tort claim of assault, arguing that immunity as not been waived under the New Mexico Tort Claims Act (NMSA 1978 § 41-4-12) ("Tort Claims Act").  The Tort Claims Act provides governmental entities and public employees with immunity from tort suits unless there is a specific waiver of that immunity set forth under the Act.  *See Weinstein v. City of Santa Fe*, 121 N. M. 646, 649 ( 1996). The Complaint does not specify which exception to sovereign immunity under the New Mexico Tort Claims Act (NMSA 1978 § 41-4-12(A)) applies to her case.  However, the only exception which references waiver of immunity for intentional torts is NMSA 1978 § 41-4-12, which allows an exception to state sovereign immunity for injury committed by law enforcement officers resulting from assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, defamation of character, violation of property rights or deprivation of any rights."[4] *See Blea v. City of Espanola*, 117 N.M. 217 (N.M.App.,1994).  A "law enforcement officer" is "any full-time salaried employee whose principal duties under law are to hold in custody any person accused of a criminal offense, to maintain public order or to make arrests for crimes. . . ." NMSA 1978 § 41-4-3(D); *see also Anchondo v. Corrections Dep't*, 100 N.M. 108 (1983). There is no legal basis to consider Defendant, who is a school employee, a law enforcement

---

[4] Public employees acting within the scope of their duties may also be sued under the New Mexico Tort Claims Act for certain acts of negligence.  *See, e.g.*, § 41-4-6.  However, Plaintiff's claims of being singled out for physical and psychological abuse, as well as an assertion of assault, clearly assert an intentional tort.

officer, nor does Plaintiff allege that Defendant Blea's "principal duties" are that of a law enforcement officer.

Plaintiff does not offer any response to Defendant's argument that Count II should be dismissed, nor does the Court see how any of the factual allegations could be construed to support a claim under § 41-4-12.  Accordingly, Count III will be dismissed with prejudice.

**V.        Amending the Complaint**

Plaintiff urges the Court to deny Defendant's motion, and to grant "such other and further relief as is deemed just and necessary. . . ."  The Court will allow Plaintiff to salvage Counts I and II of the Complaint by amending the Complaint to conform to the Court's findings herein, on or before Monday, February 22, 2010.   Failure to file an amended complaint will result in the Court entering an order of dismissal.  In the event Plaintiff timely files her amended complaint as to Counts I and II and Plaintiff fails to correct the deficiencies identified by the Court, then Defendants may renew their motion to dismiss.

**Conclusion**

The Court finds and concludes that Defendant's motion has merit. Plaintiff's claims in Counts I and II do not sufficiently state claims of violations of the Equal Protection and Due Process clause.  Taking Plaintiff's allegations in the Complaint as true, an equal protection claim based on gender discrimination cannot be reasonably inferred from Plaintiff's allegations in Count I of being "singled out" for physical and psychological abuse.  For her due process claim in Count II, Plaintiff does not provide any facts regarding what right is being deprived, and what kind of deprivation is being alleged (substantive or procedural).

I agree with Defendant that Count III should be dismissed.  Immunity is waived under the Tort Claims Act for the intentional tort of assault for law enforcement officers.  The facts do not indicate that Defendant is a law enforcement officer, or that he has "principal duties" of a law

enforcement officer.

Finally, Plaintiff will be allowed to eliminate the guesswork from her Complaint by filing an Amended Complaint <u>on or before Monday, February 22, 2010</u>.

**THEREFORE,**

**IT IS ORDERED** that Defendant's Motion to Dismiss (**Doc. 6**) is hereby GRANTED in part in that Count I and Count II will be DISMISSED WITHOUT PREJUDICE;

**IT IS FURTHER ORDERED** Count III of the Complaint will be DISMISSED WITH PREJUDICE;

**IT IS FINALLY ORDERED** that Plaintiff may amend the Complaint <u>on or before Monday, February 22, 2010</u>.  The Court will not accept a late filing of an Amended Complaint unless Plaintiff seeks an extension for the filing *prior* to the February 22, 2010 deadline.

_____
UNITED STATES DISTRICT JUDGE