IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GINA R. BARROS,

        Plaintiff,

vs.                                            CIVIL NO.  09-553 WJ/LFG

WALTER A. BLEA, individually,
and in his official capacity as Chief
Examiner, Central New Mexico
Community College,

        Defendant.

## **REPORT AND RECOMMENDATION**[1]

THIS MATTER is before the Court pursuant to an Order of Reference [Doc. 25]. The trial judge referred Defendant's Motion to Dismiss and For Sanctions [Doc. 23] to the undersigned Magistrate Judge for a report and recommendation.

Since the filing of the Motion to Dismiss and For Sanctions, Plaintiff Gina R. Barros ("Barros") filed a Motion to Amend Complaint to Correct Clerical Errors [Doc. 24] and to remove the state tort claim which is the subject of Defendant's Motion to Dismiss.

### **Background**

On January 29, 2010, the District Court Judge entered a decision granting Defendant's motion to dismiss. The effect of the Court's ruling was to dismiss Barros' state tort claim of assault. [Doc. 12.] The Court allowed Barros to file an amended complaint to "salvage" the two federal law

---

[1] Within fourteen (14) days after a party is served with a copy of this analysis and recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such analysis and recommendation. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the analysis and recommendation. If no objections are filed, no appellate review will be allowed.

claims. [Doc. 12.] On February 22, 2010, Barros filed a First Amended Complaint, and for unexplained reasons, included the previously dismissed state tort law claim of assault (Count III). [Doc. 14.]

Thereafter, defense counsel requested that Barros withdraw Count III of the Amended Complaint, advising that if the claim was not withdrawn, a motion to dismiss would be filed and Defendant would seek an award of fees. [*See* Doc. 23, Ex. 1]. Barros' attorney did not respond to defense counsel's request.

At a Fed. R. Civ. P. 16 scheduling conference conducted on March 9, 2010, the undersigned Magistrate Judge inquired into the status of Count III of the Amended Complaint. Barros' counsel acknowledged he filed the tort claim in error and stated he would withdraw the claim. However, he failed to do so.

Defense counsel again contacted Barros' counsel to request withdrawal of the tort claim from the Amended Complaint, but Plaintiff's counsel took no action to withdraw it until defense counsel filed the present Motion to Dismiss. Only after Defendant filed the Motion to Dismiss and For Sanctions did Barros file a motion to amend the complaint so as to remove the state tort claim.

## **Analysis**

It is clear that Barros delayed doing what was promised, *i.e.,* to withdraw the state tort claim. However, before the Court can impose sanctions under Fed. R. Civ. P. 37(b), it must find that it had ordered a certain action be taken and that the offending party disobeyed the Court's order.

The Court's order dismissed Count III of the original Complaint "with prejudice." A dismissal with prejudice bars the refiling of the same claim in the same court by the same plaintiff. Griffin v. Gash, 317 F. App'x 782 (10th Cir. Mar. 19, 2009)(*citing* Semtek Int'l, Inc. v. Lockheed

Martin Corp., 531 U.S. 497, 505-06, 121 S. Ct. 1021 (2001)), *cert. denied*, 129 S.Ct. 2772 (2009). *See also* Richardson v. Fowler Envelope Co., LLC, 2003 WL 22890253, at *1 (D. Kan. Dec. 8, 2003) ("plaintiff is further advised that 'dismissal with prejudice' means that this case will end . . . and plaintiff will not be allowed to refile his claim in this court.") Plaintiff violated the Court's order by refiling the same claim after the Court dismissed the claim, with prejudice.

Barros' refiling the same claim may have been an administrative or technical error rather than counsel's contumacious disregard of Judge Johnson's ruling.  However, even if characterized as a "innocent error," once Barros' counsel was notified of the problem, it was incumbent on him to promptly move to withdraw the claim.

After defense counsel's diligent but unsuccessful attempts to secure Plaintiff's cooperation, defense counsel was compelled to file the motion to dismiss.  Plaintiff's proposed Second Amended Complaint removes the previously dismissed tort claim.  However, Barros' delay in responding to opposing counsel's reasonable request unfortunately resulted in Defendant having to incur costs and in the Court having to devote time and resources to resolve a problem that Plaintiff could have easily avoided by prompt withdrawal of the claim.  Barros' counsel failed to act efficiently, expeditiously, or economically in resolving this simple issue.

For the above-stated reasons, the Court concludes that sanctions in the amount of reasonable fees for having to file the motion to dismiss are appropriate.  The Court determines that it would have taken a minimum of 1.5 hours of defense counsel's time to draft the motion. Accordingly, the Court concludes that an award of $225.00 is a reasonable fee for two hours of counsel's time.

The Court further recommends that Plaintiff not file the Second Amended Complaint, but, instead, that the parties simply stipulate that Barros withdraws Count III, which was previously

dismissed with prejudice.  This method of withdrawal will save Defendant from having to file an answer to the Second Amended Complaint.

### **Recommendations**

In sum, the undersigned Magistrate Judge recommends: (1) that Barros' counsel reimburse Defendant the amount of $225.00; (2) that Barros and Defendant promptly stipulate to the withdrawal of the tort claim which was previously dismissed with prejudice; (3) that the motion to dismiss be deemed moot; and (4) that with the filing of the stipulation, there is no need to file the proposed Second Amended Complaint.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge